UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FREDERICK WHEELER<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SOCIAL SECURITY ADMINISTRATION, MR. G. JUAN, ET AL.,<br><br>　　　　Defendant. | Case No.: 1:10-cv-01679 LJO JLT<br><br>FINDINGS & RECOMMENDATION DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND<br><br>(Docs. 1, 2) |

I. IFP Motions

On September 15, 2010, Plaintiff filed a motion to proceed in forma pauperis ("IFP"). (Doc. 2)  Under 28 USC § 1915(e)(2), the Court is obligated to deny the motion to proceed IFP if the allegation of poverty is untrue or the action is frivolous or malicious, it fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune.

For the reasons set forth below, the Court recommends that the motions to proceed IFP be **DENIED** and the complaint be **DISMISSED WITHOUT LEAVE TO AMEND**.

I.　　**Motion to proceed IFP**

All parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the fee only if the plaintiff is granted leave to proceed in forma pauperis ("IFP")

1

1  pursuant to 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

2  This Court has broad discretion to grant or deny Plaintiff's motion. O'Loughlin v. Doe,
3  920 F.2d 614, 616 (9th Cir. 1990).  "[P]ermission to proceed in forma pauperis is itself a matter
4  of privilege and not right; denial of in forma pauperis status does not violate the applicant's right
5  to due process." Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984) (citation omitted).
6  "The trial court must be careful to avoid construing the statute so narrowly that a litigant is
7  presented with a Hobson's choice between eschewing a potentially meritorious claim or
8  foregoing life's plain necessities. [Citations]. But, the same even-handed care must be employed
9  to assure that federal funds are not squandered to underwrite, at public expense, either frivolous
10 claims or the remonstrances of a suitor who is financially able, in whole or in material part, to
11 pull his own oar. Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984) (citation omitted).

12 The Court is required to deny an application to proceed IFP when the complaint fails to
13 state a claim. 28 USC § 1915(e)(2).  For the reasons set forth below, the Court finds that the
14 Court lacks jurisdiction in the matter and that the complaint fails to state a claim.  Therefore, the
15 Court recommends that the motion to proceed IFP be **DENIED**.

16 **II.     Screening the Complaint**

17 In cases wherein the plaintiff is proceeding in forma pauperis, the Court is required to
18 screen cases and must dismiss the case at any time if the Court determines that the allegation of
19 poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim on which
20 relief may be granted, or seeks monetary relief against a defendant who is immune from such
21 relief. 28 U.S.C. 1915(e)(2).

22 Fed. R. Civ. P. 8(a) provides:

23 A pleading which sets forth a claim for relief, whether an original claim,
   counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain
24 statement of the grounds upon which the court's jurisdiction depends, unless the
   court already has jurisdiction and the claim needs no new grounds of jurisdiction
25 to support it, (2) a short and plain statement of the claim showing that the pleader
   is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.
26 Relief in the alternative or of several different types may be demanded.

27 Local Rule 204 provides:

28 When an affirmative allegation of jurisdiction is required pursuant to Fed. R. Civ.

P. 8(a)(1), it (i) shall appear as the first allegation of any complaint, petition, counterclaim, cross-claim or third party claim; (ii) shall be styled "Jurisdiction," (iii) shall state the claimed statutory or other basis of federal jurisdiction, and (iv) shall state the facts supporting such jurisdictional claim.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

Here, Plaintiff alleges that he first applied for Social Security benefits in May 2006 but did not learn that the benefits had been denied until November 2007. (Doc. 1 at 2.) In May 2009, Plaintiff appealed the denial of his benefits. In August 2009, Plaintiff asserts that the Administrative Law Judge denied his claim but then, later, reconsidered the determination and awarded the benefits. Id.

In his complaint, Plaintiff then describes a series of visits to the Social Security Administration offices and conversations with various SSA employees, notably Mr. Juan, during which he asserts that he was told that he would receive back payments. Id. at 5. After being told that the payments would start on various dates, Plaintiff alleges that he was last told that he would receive three lump-sum payments. Id. Plaintiff alleges that he was told that he would receive the first payment "in about 10 days" and the second and third payments would be follow in 6 and 12 months. Id.

On July 22, 2010, the SSA sent Plaintiff a report telling him of the changes to his benefit payments. (Doc. 1, Ex. 7) This letter demonstrates that Plaintiff will receive payments, and back payments, for the period beginning on June 1, 2006 and continuing through the present. Id. The letter describes how the benefit amounts were determined and explains how Plaintiff may appeal the determination and the assistance he may receive from the agency in pursuing an appeal. Id. In fact, Plaintiff sought a "Request for Reconsideration" on July 30, 2010, which was one avenue of appeal that was described in the July 22, 2010, letter. (Doc. 1, Ex. 5) Plaintiff does not allege facts about the current status of this Request for Reconsideration or whether he has received any back payments.

Because Plaintiff feels that it is not reasonable for him to wait for the payments, in this action, he seeks punitive damages and damages for the emotional distress and humiliation and embarrassment that these events have caused him. (Doc. 1 at 5-6)

**III.     Jurisdictional Allegations**

    **A.     Improper Defendants**

The United States is immune from suit unless it has waived its sovereign immunity and consents to be sued. See, e.g., United States v. Dalm, 494 U.S. 596, 608 (1990); United States v. Sherwood, 312 U.S. 584, 586 (1941); United States v. Shaw, 309 U.S. 495, 500-501 (1940); Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). Absent a waiver of sovereign immunity, a federal court lacks subject-matter jurisdiction over a claim against the United States, and dismissal is required. Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982). A waiver of sovereign immunity cannot be implied; rather, it must be unequivocally expressed. United States v. Mitchell, 445 U.S. 535, 538, 100 S. Ct. 1349, 1351, 63 L. Ed. 2d 607 (1980).

An action brought against a federal agency, such as the SSA, is effectively one brought against the United States. See, e.g., Dugan v. Rank, 372 U.S. 609, 620 (1963); Blackmar v. Guerre, 342 U.S. 512, 514-515 (1952). As an agency of the United States, the SSA possesses the same sovereign immunity as the United States.   Therefore, the SSA cannot be sued absent an express waiver of that immunity. State of Neb. ex rel. Dep't. of Soc. Servs. v. Bentson, 146 F.3d 676, 679 (9th Cir. 1998).

The sovereign immunity doctrine applies with equal force to suits against a federal employee in his official capacity. "It has long been the rule that the bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as employees." Gilbert, 756 F.2d at 1458. "The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." State of Hawaii v. Gordon, 373 U.S. 57, 58 (1963). "When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States,  the action is in fact one against the United States." Atkinson v. O'Neill, 867 F.2d 589, 590 (10th Cir. 1989).  Thus, the Court recommends that the matter must be **DISMISSED**

based upon sovereign immunity.

### B. The Court lacks jurisdiction to interfere with the determination of the SSA

Rule 8(a) requires a short and plain statement of the grounds upon which the Court's jurisdiction depends. Construed liberally, it appears that Plaintiff wishes to seek judicial intervention in his social security action without allowing the SSA to determine the matter further. This is not permitted.

This Court has jurisdiction in a social security appeal only according to 42 U.S.C. § 405(g). Schweiker v. Chilicky, 487 U.S. 412, 424 (U.S. 1988) This section reads in pertinent part,

> Any individual, **after any final decision of the Commissioner of Social Security** made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia....The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g), emphasis added. In addition, 42 U.S.C. § 1383(c) provides:

> Hearing to determine eligibility or amount of benefits; subsequent applications, time within which to request hearing; time for adjudications of Commissioner of Social Security, pursuant to hearing; judicial review
>
> (1)(A) The Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for payment under this subchapter. Any such decision by the Commissioner of Social Security which involves a determination of disability which is in whole or in part unfavorable to such individual shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons for upon which it is based. The Commissioner of Social Security shall provide reasonable notice and opportunity for a hearing to any individual who is or claims to be an eligible individual or eligible spouse and is in disagreement with any determination under this subchapter with respect to eligibility of such individual for benefits, or the amount of such individual's benefits, if such individual requests a hearing on the matter in disagreement within sixty days after notice of such determination is received, and, if a hearing is held, shall, on the basis of evidence adduced at the hearing affirm, modify, or reverse the Commissioner's findings of fact and such decision. . . .
>
> . . .

1   (3) The final determination of the Commissioner of Social Security after a hearing
2   under paragraph (1) shall be subject to judicial review as provided in section
    405(g) of this title to the same extent as the Commissioner's final determinations
3   under section 405 of this title.

4   Here, Plaintiff has failed to state the facts upon which the Court's jurisdiction depends.

5   The complaint makes clear that a final administrative decision has not been made in his case.

6   Instead, Plaintiff asserts that he has sought to pursue his appeal rights by filing his Request for

7   Reconsideration.  Therefore, the Court has no jurisdiction to determine this matter and the Court

8   recommends that the matter must be **DISMISSED**.

9         **C.**      **The complaint fails to state a claim under 42 USC § 1983 or <u>Bivens</u>**

10  Plaintiff seeks to impose liability against a federal agency and a federal employee under

11  42 USC § 1983.  However, this statute does not apply to federal actors because they do not act

12  under color of state law.  Instead, a matter that would be the proper under § 1983, if the actors

13  were state employees, may be cognizable under <u>Bivens v. Six Unknown Named Agents of</u>

14  <u>Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). 1458 (9th Cir. 1985).  However, a <u>Bivens</u>

15  action may not be asserted against the United States or an agency thereof. <u>F.D.I.C. v. Meyer</u>, 510

16  U.S. 471, 484-486 (1994); <u>Cato v. United States</u>, 70 F.3d 1103, 1110-1111 (9th Cir.1995).

17  On the other hand, no <u>Bivens</u> action will lie for the wrongful determination of social

18  security benefits because Congress has determined already the remedies available as set forth in

19  the social security scheme, even though these remedies may not afford complete relief.

20  <u>Schweiker v. Chilicky</u>, 487 U.S. at 425.  In <u>Schweiker</u>, the Court held,

21      We agree that suffering months of delay in receiving the income on which one has
        depended for the very necessities of life cannot be fully remedied by the "belated
22      restoration of back benefits." The trauma to respondents, and thousands of others
        like them, must surely have gone beyond what anyone of normal sensibilities
23      would wish to see imposed on innocent disabled citizens. Nor would we care to
        "trivialize" the nature of the wrongs alleged in this case. Congress, however, has
24      addressed the problems created by state agencies' wrongful termination of
        disability benefits. Whether or not we believe that its response was the best
25      response, Congress is the body charged with making the inevitable compromises
        required in the design of a massive and complex welfare benefits program. Cf.
26      <u>Dandridge v. Williams</u>, 397 U.S. 471, 487 (1970). Congress has discharged that
        responsibility to the extent that it affects the case before us, and we see no legal
27      basis that would allow us to revise its decision.

28  <u>Id</u>. at 428-429.

As discussed above, the essence of Plaintiff's complaint is that the SSA has failed to pay him for back payments within the time frame that he feels is appropriate.  Because <u>Schweiker</u> determined that there is no <u>Bivens</u> action for a person who suffered a wrongful termination of social security benefits, clearly, there would not be one for Plaintiff who seeks damages because the SSA has failed to make back payments to him quickly enough. Thus, the Court recommends that the matter must be **DISMISSED**.

## RECOMMENDATIONS

Accordingly, the Court HEREBY RECOMMENDS as follows:

1. The motion to proceed IFP be **DENIED**;

2. The complaint be **DISMISSED** without leave to amend.

This Findings and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 24, 2010**                             **/s/ Jennifer L. Thurston**
                                                                                  UNITED STATES MAGISTRATE JUDGE